# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CHAPMAN,<br><br>          Petitioner,<br><br>    v.<br><br>J. HARTLEY, Warden,<br><br>          Respondent. | Case No. CV 07-8183-VAP (JTL)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

      On December 17, 2007, Shawn Chapman ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254 in the United States District Court for the Central District of California. On March 27, 2008, J. Hartley ("Respondent") filed a Motion to Dismiss the Petition for Writ of Habeas Corpus ("Motion to Dismiss"), asserting that the Court should dismiss the Petition because Petitioner failed to exhaust his state court remedies on each of his claims for relief. Petitioner did not file an Opposition to the Motion to Dismiss.

      On July 16, 2008, the Court issued an Order Granting and Denying Respondent's Motion to Dismiss and Dismissing the Petition for Writ of Habeas Corpus with Leave to Amend, dismissing the Petition as a "mixed petition" containing both exhausted and unexhausted

claims.[1]  (See July 16, 2008 Order at 3-11).  In its Order, the Court explained that a state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.[2] (See id. at 3).  The Court also explained that a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice.  (Id.).  Thus, the Court directed Petitioner to file no later than August 6, 2008[3] one of the following:  (1) a First Amended Petition that deletes, and thus abandons, Petitioner's unexhausted claims; or (2) a Notice of Intent to Voluntarily Dismiss First Amended Petition, informing the Court that he wishes to voluntarily dismiss the entire Petition without prejudice in order to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims.  (See id. at 11-13).  The Court also admonished Petitioner that his failure to timely respond to the Court's Order may result in a recommendation that the action be dismissed without prejudice for failure to exhaust state remedies and failure to prosecute.  (Id. at 13).  Subsequently, on August 12, 2008, the Court issued an Order sua sponte extending the time for Petitioner to file a First Amended Petition to August 27, 2008, and noting that no further extensions would be granted absent extraordinary circumstances.  To date, Petitioner has not filed a First Amended Petition, nor has he requested an extension of time to do so.

Therefore, because Petitioner has failed to comply with the Court's July 16, 2008 Order, the Court **ORDERS** Petitioner to show cause in writing why the Petition should not be dismissed without prejudice for failure to exhaust state remedies and for failure to prosecute.  Petitioner's Response to the Court's Order to Show Cause shall be due within ten (10) days of the date of this Order.  Petitioner's failure to respond to this Order to Show Cause will be deemed as

---

[1] See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982) (a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice).

[2] See 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

[3] The Court ordered Petitioner to file a responsive pleading within twenty-one (21) days of the Court's July 16, 2008 Order, which was on or before August 6, 2008.

1  consent to the dismissal of this case, and the case will be dismissed without prejudice.

2  DATED: September 11, 2008

/s/-Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE